NELLIE ELTING, RESPONDENT, v. S. SMITH COAL CO., PROSECUTOR.

Argued May 5, 1943—Decided June 23, 1943.

Before Justices PARKER, HEHER and PERSKIE.

For the prosecutor, *John J. Francis.*

For the respondent, *Robert J. McCurrie.*

The opinion of the court was delivered by

PARKER, J. This is a death claim in a workmen's compensation case. The original accident occurred on September 6th, 1933, while the deceased, Arthur J. Elting, husband of the present petitioner, was in the employ of the defendant as a crane operator. Admittedly there was an accident which

caused a violent blow on the right side of the head of Elting and which seems to have caused a cerebral hemorrhage on the right side of the brain. There was a compensation claim resulting in a judgment of total disability and an award of compensation for 15 weeks temporary and 400 weeks permanent at $20 per week, which was paid for 327 weeks up to the time of Elting's death, on April 7th, 1940; a total of 342 weeks. Thereafter the widow, respondent, brought the present proceeding claiming death benefits for 300 weeks under the statute. These, after a trial in the Bureau, were awarded to her, and on appeal to the Hudson Common Pleas, that court also found her entitled to that compensation.

The principal question before us is one of fact, namely, whether the accident of 1933 was a substantially contributing cause to the death of Elting in 1940. We have carefully considered the matter and conclude that the factual findings of the subordinate tribunals are justified by the evidence and are hereby affirmed.

It is claimed by the prosecutor, and not denied by the respondent, that Elting was not a well man at the time of the accident; that he suffered from high blood pressure at that time and until his death; but where there are contributing causes of death, one constitutional and the other accidental, the statute nevertheless applies, and for the obvious reason that whatever the state of health of the decedent, his death would not have occurred but for the intervention of the accidental cause as a contributing factor.

The accident was undoubtedly a very severe one with marked symptoms of permanent injury at the time. As already noted, there was an award for permanent disability and the payments were made thereunder until the time of death. We see no adequate reason for differing from the finding of the Bureau and of the Common Pleas that, notwithstanding the lapse of seven years, the original injury persisted and that death was, in part at least, due thereto.

Two other points are made. Point II alleges error in receiving a death certificate signed by a physician who attended the deceased but was not present at the time of death. The substance of this point is that the statement of

the physician as to the cause of death is hearsay. That may be conceded, but we do not think it vitiated the entire certificate of death, and this statement of the cause of death may be disregarded without affecting the general result, because the evidence of expert witnesses based on the symptoms testified to before the deputy commissioner seems to have satisfied him that the cause of death was correctly stated as cerebral hemorrhage due to hypertension.

The last point alleges error in allowing compensation for 300 weeks, prosecutor claiming that the maximum should have been 158 weeks, being the difference between the statutory maximum of 500 weeks prescribed in section 34:15-16, and the 342 weeks actually paid. But it is to be observed that the limitation of 500 weeks in section 34:15-16 expressly excepts the provisions of 34:15-13, paragraph "k," which calls for 300 weeks in death cases.

We conclude that the judgment of the Hudson Pleas should be affirmed.